**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JEREMY MARTIN HAAR, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL OJELADE, *et al.*, <br><br> Defendants. | No. 22-cv-7595 <br><br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is defendants Michael Ojelade ("Ojelade"), Tracie Jean-Francois ("Jean-Francois"), and Marie Souffrant's[1] ("Souffrant" and, collectively with Ojelade and Jean-Francois, "Defendants") motion to dismiss *pro se* plaintiff Jeremy Martin Haar's ("Plaintiff") amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 31; *see* ECF No. 31-9 ("Moving Br."); ECF No. 16 ("Am. Compl."). Plaintiff opposed the motion, ECF No. 36 ("Opp'n Br."), and Defendants replied, ECF No. 37 ("Reply Br."). The Court decides the motion without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons stated below, the Court will deny Defendants' motion.

---

[1] Plaintiff's amended complaint misspells Souffrant as "Souprant." *See, e.g.*, ECF No. 16 ¶¶ 4, 21, 67; *see also* ECF No. 36 at 1.

I.    **BACKGROUND**

A.    **Plaintiff's Allegations[2]**

This action stems from Defendants' alleged failure to treat Plaintiff for injuries he suffered during his time at the Essex County Correctional Facility ("ECCF"). *See, e.g.*, Am. Compl. ¶¶ 1–2, 11–12, 17–28, 35, 40–43, 64, 67. Plaintiff alleges that he passed out in his cell on November 28, 2020. *Id.* ¶¶ 10–12. When he "was awoken by an officer," Plaintiff "informed the officer that he had gotten dizzy when he got out of bed . . . and must have hit his head on the metal toilet" in his cell. *Id.* ¶ 12. Because of this fall, Plaintiff's head "felt as if it was being stabbed with ice picks" and he felt extremely dizzy and nauseous. *Id.*

The next morning, a nurse employed by CFG Health Services, LLC[3] ("CFG") came to Plaintiff's cell. *Id.* ¶ 14. Plaintiff requested "that he be taken to the hospital as he was displaying signs of a traumatic brain injury." *Id.* ¶ 15. The nurse "refused," stating that "unless you are dying we don[']t send you to the hospital." *Id.* ¶ 16. Plaintiff then spoke with "Jean-Francois," a nurse at ECCF. *Id.* ¶ 18. Jean-Francois told Plaintiff that "she would look into it" and "later . . . told him that . . . nurse practitioner [Ojelade] informed her that if [Plaintiff] was coherent and able to talk[,] [he] most likely did not have a head injury." *Id.* ¶¶ 18–19. Jean-Francois also told Plaintiff that Ojelade indicated that he "would [visit] [Plaintiff] as soon as it was [convenient] [for] him." *Id.* ¶¶ 18–19.

---

[2] As explained below, the Court does not reach Defendants' alternative request for summary judgment. Accordingly, for purposes of this motion, the Court accepts the amended complaint's well-pled factual allegations as true, construes them in the light most favorable to Plaintiff, and draws all reasonable inferences in Plaintiff's favor. *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327–28 (3d Cir. 2022). And because Plaintiff is *pro se*, the Court construes his complaint "liberally." *Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022). For a fuller recitation of Plaintiff's allegations in the amended complaint, see ECF No. 20.

[3] Through its contract with ECCF, CFG was responsible for providing "medical care to inmates" at ECCF. Am. Compl. ¶ 2.

Plaintiff continued requesting medical care, including through requests to Jean-Francois and Souffrant, another nurse at ECCF. *Id.* ¶¶ 20–22; *see also id.* ¶¶ 23–25. According to Plaintiff, Jean-Francois and Souffrant "continuously told [Plaintiff] that they understood that he was in severe pain and [was] unable to eat [but that] they could not see him themselves or force the infirmary to see him, provide him care, or send him to the hospital." *Id.* ¶ 21.

On December 28, 2020, which was one month after Plaintiff allegedly hit his head, "Plaintiff spoke to Michelle Ashford[,] [another] nurse employed by CFG." *Id.* ¶¶ 27–28. He told her that he could not eat and was still suffering from severe pain and was still having trouble seeing clearly. *Id.* Plaintiff asked if Ashford could please speak to Ojelade, as Ojelade said he would see Plaintiff "but still hadn't." *Id.* ¶ 27. Ashford informed Plaintiff that "Ojelade refused to see . . . [P]laintiff and that she couldn't force him [*i.e.*, Ojelade] to" do so. *Id.* ¶ 28.

Based on these allegations, Plaintiff states that Defendants "act[ed] with deliberate indifference to [his] serious medical needs." *Id.* ¶ 67. At the time he filed his amended complaint, Plaintiff had not seen "a neurologist and [was] still displaying symptoms." *Id.* ¶ 64.

### B.    Procedural History

On December 18, 2022, Plaintiff[4] filed his initial complaint, which was docketed on December 30, 2022. ECF No. 1; Opp'n Br. at 1; *see Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing."). In that complaint, Plaintiff asserted claims under 42 U.S.C. § 1983 against CFG; Essex County Department of Corrections; a John Doe nurse

---

[4] Following his time at ECCF, Plaintiff was incarcerated at FCI Schuylkill. ECF No. 1. Around March 10, 2023, Plaintiff was moved to the federal penitentiary in Lewisburg, Pennsylvania. ECF No. 9. Then, sometime around April 2023, Plaintiff was transferred to FCI Pekin in Illinois. ECF No. 10. And just before the Court screened his amended complaint, Plaintiff was moved to FMC Devens, where he is currently incarcerated. ECF No. 19.

at CFG; a Jane Doe nurse at CFG; and three ECCF administrators, Alfaro Ortiz ("Ortiz"), William Anderson ("Anderson"), and Charles Green ("Green"). ECF No. 1. After Plaintiff filed an application to proceed *in forma pauperis* ("IFP"), ECF No. 7, the Court granted Plaintiff IFP status and screened his complaint pursuant to 28 U.S.C. § 1915 on July 10, 2023, *see* ECF Nos. 11–12. The Court dismissed Plaintiff's claims against most defendants without prejudice, but found he had stated a § 1983 claim against the Jane Doe nurse. ECF No. 11 at 11; ECF No. 12 at 1. The Court also gave Plaintiff 90 days to file an amended complaint identifying Jane Doe by name and amend his dismissed claims to state a cause of action. ECF No. 11 at 11; ECF No. 12 at 1–2; *see also* ECF No. 20 at 1. Because the sole remaining defendant was "unnamed," the Court ordered "that summons shall not issue at this time." ECF No. 12 at 2.

On July 29, 2023, Plaintiff filed his now-operative amended complaint, which was docketed on August 14, 2023.[5] Am. Compl.; Opp'n Br. at 1; *see Pabon*, 654 F.3d at 391 n.8. In the amended complaint, Plaintiff asserted § 1983 claims against CFG; Essex County; Drs. Bing Gong and Grace Melendez, two CFG doctors; Jean-Francois and Souffrant, both nurses employed by CFG; Ojelade, a CFG nurse practitioner; and Anderson, Green, Ortiz, and Guy Cirillo, all ECCF administrators. ECF No. 20 at 5. The Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 on November 25, 2024; dismissed Plaintiff's claims against CFG, Essex County, Anderson, Green, Ortiz, Cirillo, Gong, and Melendez without prejudice; and allowed his claims against Ojelade, Jean-Francois, and Souffrant to proceed. *Id.* at 18; ECF No. 21 at 1–2. The Court also ordered the United States Marshall to serve a copy of the amended complaint and a summons "upon defendants Ojelade, Jean-Francois, and [Souffrant] pursuant to 28 U.S.C. § 1915(d)," and

---

[5] On July 22, 2025, Plaintiff filed what appears to be a second amended complaint. ECF No. 26. However, Plaintiff did not seek leave to amend, Fed. R. Civ. P. 15(a)(2), so the Court will strike that filing without prejudice.

ordered "Ojelade, Jean-Francois, and [Souffrant] [to] file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2)." ECF No. 21 at 1–2.

The United States Marshall served Ojelade, Jean-Francois, and Souffrant on August 22, 2025, ECF No. 28, and Defendants' counsel entered an appearance on September 10, 2025, ECF No. 29. Shortly thereafter, Defendants filed their motion to dismiss or, in the alternative, for summary judgment. ECF No. 31.

## II.    LEGAL STANDARD[6]

A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint under [Federal Rule of Civil Procedure 8(a)(2)'s] plausibility pleading standard," *Zanetich v. Wal-Mart Stores E., Inc.*, 123 F.4th 128, 138 (3d Cir. 2024), which requires that a "pleading . . . contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Accordingly, to survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if the complaint contains "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the misconduct alleged. *Twombly*, 550 U.S. at 556. In evaluating a Rule 12(b)(6) motion, the Court accepts the complaint's well-pled factual allegations as true, construes them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. *See Lutz*, 49 F.4th at 327–28; *Monko*, 37 F.4th at 914 (explaining that courts must construe *pro se* pleadings "liberally"). Moreover, a

---

[6] As explained below, the Court does not reach Defendants' alternative request for summary judgment. As such, the Court recites only the Rule 12(b)(6) legal standard.

defendant has the burden of showing that dismissal is appropriate under Rule 12(b)(6). *See Bruni v. City of Pittsburgh*, 824 F.3d 353, 361 n.11 (3d Cir. 2016).

"Technically, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense, like a statute of limitations defense, in [an] answer, not in a motion to dismiss." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). However, Third Circuit law allows courts to dismiss a claim pursuant to Rule 12(b)(6) based on a statute of limitations defense, but only if "the time alleged in the statement of a claim shows that the cause of action" is untimely. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (citation omitted); *see Schmidt*, 770 F.3d at 249. "If the [statute of limitations] bar is not apparent on the face of the complaint, then" a court may not use the statute of limitations as a "basis for a dismissal . . . under Rule 12(b)(6)." *LabMD Inc. v. Boback*, 47 F.4th 164, 179 n.9 (3d Cir. 2022) (quoting *Robinson*, 313 F.3d at 135).

## III.   DISCUSSION

Plaintiff asserts § 1983 claims against Defendants based on their alleged deliberate indifference to his medical needs. Am. Compl. Defendants seek dismissal under Rule 12(b)(6) based solely on statute of limitations grounds. Moving Br. at 3–8, 28; Reply Br. at 1–4, 9. And in the alternative, Defendants move for summary judgment. Moving Br. at 9–28; Reply Br. at 4–9. For the reasons stated below, the Court will deny both requests.

### A.   Defendants' Motion to Dismiss

The Court will deny Defendants' motion to dismiss, because nothing "on the face of the" amended complaint shows that Plaintiff has "pleaded himself out of court." *Schmidt*, 770 F.3d at 252. As noted above, Defendants seek dismissal solely on statute of limitations grounds. Moving Br. at 3–8. "A party suing under 42 U.S.C. § 1983 must comply with the deadline prescribed by state law for timely filing a personal injury action." *Bagley v. Bourne*, 239 F. App'x 725, 727 (3d Cir. 2007). "In New Jersey, that statute of limitations for personal injury claims is two years."

6

*Ibrahim v. DeFilippo*, No. 19-5021, 2021 WL 753898, at \*4 (D.N.J. Feb. 26, 2021); *see DiGiesi v. Twp. of Bridgewater Police Dep't*, No. 24-1768, 2025 WL 1218254, at \*1 (3d Cir. Apr. 28, 2025) ("Because the § 1983 claims arose in New Jersey, the statute of limitations is two years." (citing N.J. Stat. Ann. § 2A:14-2)).

Plaintiff filed his amended complaint on July 29, 2023. Opp'n Br. at 1; *see Pabon*, 654 F.3d at 391 n.8. A standard application of the relevant limitations period extends back to July 29, 2021. However, because the amended complaint details conduct no later than January 2021, Am. Compl. ¶ 62; *see also* Opp'n Br. at 2, whether the amended complaint is timely hinges on whether Plaintiff's claims against Defendants in the amended complaint relate back to the original complaint,[7] *see* Moving Br. at 7–8. Federal Rule of Civil Procedure 15(c) provides three options for relating back, two of which are relevant here. Because the amended complaint does not clearly show that these two avenues for relation back are closed to Plaintiff, the Court will deny Defendants' motion to dismiss.

### 1. Rule 15(c)(1)(A)

Federal Rule of Civil Procedure 15(c)(1)(A) allows for relation back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Because "[s]ection 2A:14-2 of the New Jersey Statutes" provides the applicable statute of limitations, the Court may look to New Jersey Court Rule 4:26-4. *Sterling v. N.J. Aquarium, LLC*, No. 18-390, 2020 WL 1074809, at \*4 n.8 (D.N.J. Mar. 6, 2020). Under New Jersey Court Rule 4:26-4, the State's fictitious party rule, "a plaintiff [can] sue a defendant under a fictitious name

---

[7] Plaintiff argues that the claims in the amended complaint against Defendants are timely under the continuing violations doctrine. According to Plaintiff, under that doctrine, the statute of limitations did not start running until he was released from Defendants' care around January 28, 2021. Opp'n Br. at 2. For the reasons stated below, the Court need not reach this argument.

when the defendant's true name is unknown" and then "add defendants after the expiration of the statute of limitations." *Monaco v. City of Camden*, 366 F. App'x 330, 334 (3d Cir. 2010). However, a plaintiff may use the rule "only if the plaintiff exercised due diligence to ascertain defendant's true name before and after filing the complaint." *Id.* (citation omitted).

Plaintiff's amended complaint does not contain sufficient factual material to determine whether it relates back (or fails to relate back) to his initial complaint under New Jersey's fictitious party rule. Defendants argue that the rule is inapplicable, because "Plaintiff clearly made no effort, diligent or otherwise, to implead" Defendants "during the applicable statutory period." Moving Br. at 8. However, there is nothing in or attached to the amended complaint on this point. Therefore, the statute of limitations bar is not "apparent on" the face of the amended complaint. *Schmidt*, 770 F.3d at 249 (citation omitted); *see Turnofsky v. electroCore, Inc.*, No. 19-18400, 2021 WL 3579057, at *11 (D.N.J. Aug. 13, 2021) (finding it "premature . . . to consider Defendants' statute-of-limitations argument" where the "Court's 'relation-back' analysis require[d] consideration of facts outside the Amended Complaint"); *McCall v. City of Phila.*, No. 19-2568, 2020 WL 4584173, at *4 (E.D. Pa. Aug. 10, 2020) (similar); *see also Greer v. Cumberland Cnty. Prosecutor's Off.*, No. 14-3032, 2015 WL 3603986, at *4 n.6 (D.N.J. June 8, 2015) (noting "that the Court cannot determine whether relation back would be permitted under Fed. R. Civ. P. 15(c)(1)(A), through N.J. Ct. R. 4:26–4 and N.J. Ct. R. 4:9–3, or under Fed. R. Civ. P. 15(c)(1)(C), without looking to evidence beyond the pleadings with regard to plaintiffs' due diligence, which is not appropriate on these current motions to dismiss"); *Dean v. Deptford Twp.*, No. 13-5197, 2015 WL 13640263, at *3 (D.N.J. Apr. 1, 2015) ("Because the Court must consider evidence outside the pleadings, the Court cannot determine on a Rule 12(c) motion whether Plaintiff may avail himself of New Jersey's fictitious party rule, N.J. Ct. R. 4:26-4.").

8

### 2.  Rule 15(c)(1)(C)

Federal Rule of Civil Procedure 15(c)(1)(C) "permits relation back when an amendment to a pleading 'changes the party or the naming of the party against whom a claim is asserted.'" *Moore v. Walton*, 96 F.4th 616, 623 (3d Cir. 2024) (quoting Fed. R. Civ. P. 15(c)(1)(C)).  For Rule 15(c)(1)(C) to apply, "three requirements must be satisfied." *Id.*  First, "the claim against the newly added defendant must arise 'out of the conduct, transaction, or occurrence set out . . . in the original pleading.'" *Id.* (citation omitted).  Second, "the newly named party must have 'received such notice of the action that it will not be prejudiced in defending on the merits.'" *Id.* (citation omitted).  Third, "the newly named party must have or should have known that 'but for a mistake' made by the plaintiff concerning the newly named party's identity, 'the action would have been brought against' the newly named party in the first place." *Id.* (citation omitted).  Additionally, "the second and third requirements must be satisfied 'within the period provided by Rule 4(m) for serving the summons and complaint." *Id.* (citation omitted).

Plaintiff's amended complaint does not allow the Court to determine whether it relates back (or fails to relate back) to his initial complaint under Rule 15(c)(1)(C).  Critically, the amended complaint does not address whether Defendants "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii); *see, e.g.*, *Clair v. Cook Cnty.*, No. 16-1334, 2017 WL 1355879, at *4 (N.D. Ill. Apr. 13, 2017) ("Because the complaint does not speak to what the newly added defendants knew or should have known about this lawsuit, the court cannot resolve the Rule 15(c)(1)(C)(ii) issue in [defendants'] favor on a motion to dismiss.").  In addition, the amended complaint does not address whether Plaintiff failed to name Defendants in his original complaint because of a "mistake." Fed. R. Civ. P. 15(c)(1)(C)(ii); *see Rivera v. New Castle Cnty. Police Dep't*, 152 F.4th

147, 152 (3d Cir. 2025) ("[F]or purposes of Rule 15, a plaintiff's ignorance of a defendant's identity is a mistake."); *see, e.g.*, *id.* at 152–53 (reversing a district court's dismissal on statute of limitations grounds because the district court "improperly resolved [the] factual dispute" of whether plaintiff was ignorant of defendants' identities by looking beyond the complaint). Thus, the statute of limitations bar is not "apparent on" the face of the amended complaint. *Schmidt*, 770 F.3d at 249 (citation omitted); *see Turnofsky*, 2021 WL 3579057, at *11; *McCall*, 2020 WL 4584173, at *4; *see also Greer*, 2015 WL 3603986, at *4 n.6; *Dean*, 2015 WL 13640263, at *4.

**B.     Defendants' Motion for Summary Judgment**

The Court will deny Defendants' alternative request for summary judgment. Summary judgment "is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 203 (3d Cir. 2022) (quoting Fed. R. Civ. P. 56(a)). A party may move for summary judgment "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). But, "[i]f [the] nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the [C]ourt may . . . defer considering the motion or deny it." Fed. R. Civ. P. 56(d)(1); *see Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) ("An adequate affidavit or declaration specifies 'what particular information that is sought; how, if disclosed, it would preclude summary judgment; and why it has not been previously obtained.'" (citation omitted)).

Here, the Court agrees with Plaintiff that "summary judgment is not appropriate at this time." Opp'n Br. at 3 (citing Fed. R. Civ. P. 56(d)). Plaintiff, who is currently incarcerated at FMC Devens, asserts (with a supporting affidavit) that he needs additional discovery to adequately represent himself on summary judgment. *Id.* at 3–4; *see also id.* at 18–19. Specifically, Plaintiff states that, at the time Defendants filed their motion, "the [P]arties ha[d] yet to pursue discovery."

10

*Id.* at 4.  On this point, the Court notes that the Parties may still have outstanding discovery disputes.  ECF Nos. 48–51; *see Shelton*, 775 F.3d at 568 (noting that district courts typically grant properly filed Rule 56(d) requests "as a matter of course," especially "when there are discovery requests outstanding" (citation omitted)).  Moreover, Plaintiff asserts that he "needs . . . to obtain" evidence from prisoners who were "incarcerated with him at ECCF and witnessed [the events giving rise to] his claims," but has been unable to do so because he and purported witnesses have since been transferred to different correctional facilities.  Opp'n Br. at 4.  Thus, the Court will deny Defendants' summary judgment motion without prejudice.  Fed. R. Civ. P. 56(d); *Shelton*, 775 F.3d at 565 ("[A] court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'" (citation omitted)).

## IV.    CONCLUSION

Accordingly, for the reasons stated above, **IT IS** on this 10th day of April 2026;

**ORDERED** that the Defendants' motion to dismiss and, in the alternative, for summary judgment (ECF No. 31) is **DENIED**; and it is further

**ORDERED** that Plaintiff's filing at docket entry 26 is **STRICKEN** without prejudice.  If Plaintiff wishes to file a second amended complaint, he must file a motion for leave to do so under Federal Rule of Civil Procedure 15 and the Court's Local Civil Rules; and it is finally

**ORDERED** the Office of the Clerk of the Court shall serve a copy of this Opinion and Order on Plaintiff by U.S. Mail.

**SO ORDERED.**

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**

11